# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Orlando Division

| | | |
|---|---|---|
| CHRISTOPHER LANGDON, | ) | Case no. 6:21-CV-1256 -O |
| Plaintiff, | ) | JURY TRIAL REQUESTED |
| -v- | ) | SECOND AMENDED COMPLAINT |
| GREYSTAR, ROBERT "BOB" FAITH, | ) | |
| CEO of GREYSTAR, BARRY JOHNSON, | ) | |
| THE STATE OF FLORIDA, ASHLEY | ) | |
| MOODY, ATT. GEN. of the STATE OF | ) | |
| FLORIDA, SUN LAKE MULTI- FAMILY | ) | |
| HOLDINGS, LLC, EVELYN CAMACHO, | ) | |
| ALLISON MURRELL, ANGELA WHITT, | ) | |
| JUDGE LISA T. MUNYON, CHIEF | ) | |
| JUDGE of the 9TH JUDICIAL CIRCUIT | ) | |
| COURT, JUDGE PAETRA BROWNLEE | ) | |
| & SHAWNA POLLOCK, | ) | |
| Defendants | | |

## COMPLAINT FOR A CIVIL CASE

I. The Parties to this Complaint

A. <u>The Plaintiff</u>

Christopher D. Langdon

P.O.B. 43
Winter Park, Florida 32790

(I have no street address and I am homeless. I accept mail at my P.O. Box)

407-488-8169

Qiologist@yahoo.com (the first letter is a "Q" not a "G")

B. <u>The Defendants</u>

<u>Defendant No. 1</u>

Greystar Property Management

Corporate Offices

465 Meeting Street

Charleston, South Carolina 29403

1-843-579-9400

<u>Defendant No. 2</u>

Robert "Bob" Faith

CEO of Greystar

Corporate Offices

465 Meeting Street, Suite 500,

Charleston, South Carolina 29403

1-843-579-9400

Defendant No. 3

Barry B. Johnson, attorney

247 Maitland Ave.

Suite1000

Altamonte Springs, Fla. 32701

407-478-7950

Defendant No. 4

Evelyn Camacho

Current, or former, employee of Greystar

Address and phone number unknown

Defendant No. 5

Allison Murrell

Current, or former, employee of Greystar

C/O Greystar

315 East Robinson Street

Orlando, Florida 32801

407-377-0600

Home Address

415 Raintree Court

Winter Park, Fla. 32789

<u>Defendant No. 6</u>

Angela Whitt, Current, or former, employee of Greystar

C/O Sun Lake Apartments

420 Sun Lake Circle

Lake Mary, Florida 32746

407-904-5525

<u>Defendant No. 7</u>

THE STATE OF FLORIDA

Ashley Moody

Attorney General of the State of Florida

PL-01

The Capitol

Tallahassee, Florida 32399-1050

1-850-414-3300

<u>Defendant No. 8.</u>

The Honorable Lisa T. Munyon, Chief Judge of

The Ninth Judicial Circuit Court of Florida

The Orange County Courthouse,425 North Orange Ave.

Courtroom19-A

Orlando, Florida 32801

407-836-2470

Defendant No. 9

Sun Lake Multi-Family Holdings, LLC,

4500 Biscayne Blvd.

Suite 200

Miami, Fla. 33137 (phone number unknown)

Defendant No. 10

Shawna Pollock

C/O Sun Lake Apts.

420 Sun Lake Circle

Lake Mary, Fla. 32746

407-904-5525

Defendant No. 11

The Honorable Judge Paetra Brownlee

The Ninth Judicial Circuit Court

Courtroom 18-B

The Orange County Courthouse

425 N. Orange Ave.

Orlando, Florida 32801

407-836-0568

II. Basis for Jurisdiction

X. Federal Question-Yes X. Diversity of Citizenship-Yes

A. *The Constitution of The United States of America*, Article III, Section I, Amendment I, Amendment V & Amendment XIV, 42 U.S.C.A., Section 1983

B.

(1) The Plaintiff, Christopher Langdon, is a citizen of *The State of Florida.*

(2) (a) The Defendant, Robert "Bob" Faith, according to my understanding and belief, is a citizen of *The State of South Carolina.*

(b) The Defendant *Greystar* is either a partnership, or a corporation, according to my understanding and belief, and has its main headquarters and place of business in *The State of South Carolina.* I am uncertain, if, or where, it is incorporated.

(c) The Defendant, *Sun Lake Multi-Family Holdings, LLC,* is incorporated in *The State of Delaware,* and has its main office in *The State of Florida.*

(d) The Defendants Barry Johnson, Evelyn Camacho, Allison Murrell, Angela Whitt, Judge Lisa T. Munyon, Attorney General Ashley Moody, Judge Paetra Brownlee and Shawna Pollack are residents of Florida.

III. Statement of Claims

(a) The judges in the *State of Florida,* below the appellate level, are elected, unlike federal judges, and they accept campaign contributions. Therefore, they lack the independence and objectivity that federal judges have. Therefore, they deny litigants, including myself, due process of law, equal protection under the law, and meaningful access to the courts, in violation of *The Constitution of the United States of America,* Article III, Section 1, Amendments I, V, and XIV. Relief is available directly under the U.S. Constitution and 42 U.S.C.A, Section 1983.

(b) The courts of *The State of Florida,* particularly *The Ninth Judicial Circuit Court,* Orlando, deny equal protection under the law, due process of law, and meaningful access to the courts, to *pro se* litigants in general, and myself in particular. Therefore, they are in violation of *The Constitution of the United States of America,* Amendments I, V, and XIV, and, *The Constitution of the State of Florida,* Article I, Sections 2, 9, and 21. Relief is available directly under the respective Constitutions cited, and 42 U.S.C.A., Section 1983.

(c)*The Ninth Judicial Circuit Court* is denying my right to have the issues I've raised in my state case (2019-CA-000926-0) that are triable by a jury, decided by a jury.

Therefore, *The Ninth Judicial Circuit Court,* has violated, and is

violating, my right to: a trial by jury as guaranteed by *The Constitution of The State of Florida,* Article I, Section 22; my right to due process of law, equal protection under the law, and meaningful access to the courts, guaranteed by *The Constitution of the United States of America,* Amendments I, V & XIV, and *The Constitution of the State of Florida,* Article I, Sections 2, 9, and 21. Relief is available directly under the Constitutions cited, and 42 U.S.C.A., Section 1983.

(d) In May of 2015, I rented an apartment at *Sun Lake Apartments* in Lake Mary, Florida, managed by *Greystar* property management. The lease was procured through fraud and deceit by Defendants Evelyn Camacho and Shawna Pollack, employees of *Greystar* at Sun Lake. *Greystar* and its employees broke the lease and denied my quiet enjoyment of the premises.

(e)The employees of *Greystar* corrected some of the minor defects of my apartment, but none of the serious defects. The most serious problem was the retired man below me who smoked continuously, sending smoke up into my apartment. When I complained, *Greystar* employees lied, saying that smoking was allowed everywhere at Sun Lake.

The smoking was distressful to me because my father, mother, sister and younger brother, died from smoking. I don't smoke. The smoking caused me extreme physical discomfort.

(f) The employees of *Greystar* used fraud, deceit and threats to induce me to continue my stay at Sun Lake.

(g) I exercised my rights under *The Florida Landlord Tenant Law.* I informed *Greystar/ Sun Lake* that I would no longer pay rent, and would move out by September 15th, 2015, if meaningful, corrective actions were not taken. They refused. Defendant Angela Whitt, the manager at Sun Lake, used fraud, deceit, and threats to induce me to stay, or pay rent I did not owe. I refused.

(h) Whitt and *Greystar* harassed me by having a *Notice of Eviction* placed on my door, in violation of *The Florida Landlord Tenant Law.* It is my understanding and belief that they used a fraudulent document to induce an attorney to draw up the notice.

(i) Defendant Whitt asked me to stay until September 16th, for an exit inspection, which I easily passed, and then I surrendered the keys and the apartment on the morning of 9/16/2015.

(j) Defendant Whitt refused to return my security deposit of $300. Subsequently, Defendant Murrell, Whitt's supervisor at *Greystar* in Orlando, refused to return my security deposit and used fraud, deceit and threats in a vain attempt to get me to pay rent I did not owe. I complained to Defendant Robert Faith, the CEO of Greystar, but he never responded.

(k) *Greystar, Sun Lake Apartments,* executive Robert Faith, and

*Greystar* employees, including Whitt and Murrell, unlawfully appropriated my security deposit. *Greystar* has refused to allow me to see the records re my security deposit and refused to authorize *Bank of America* to reveal their records of my security deposit. *The Ninth Judicial Circuit* has refused to compel discovery on this issue, or any other issue.

(l) *Greystar* ruined my excellent credit and rendered me homeless. Other apartment complexes have refused to rent to me until this matter is resolved. *Greystar* hired a debt collector, *National Credit Systems* (hereafter NCS), and an attorney, to harass and threaten me for a debt I did not owe. They supplied NCS, and presumably the attorney, with a fraudulent document. I was under a great deal of stress at the time because I was suffering from a double hernia and couldn't get an operation because an insurance company did not file my paperwork.

(m) I filed a complaint in *The Ninth Judicial Circuit Court,* Orlando against *Sun Lake, Greystar, National Credit Systems, et alia,* case no. 2017-SC-023823-0, in the *Ninth Judicial Circuit Court* (hereafter *Langdon v. Sun Lake I*). I subsequently settled with NCS.

At an arbitration meeting, I reached a purported settlement agreement with the remaining Defendants, through their lawyer, Barry Johnson. Subsequently, NCS sent me two documents that *Greystar* had provided them,

which prove that the purported settlement agreement with the remaining Defendants was procured by fraud and deceit.

(n) I sought to have the purported settlement agreement and judgment declared void, and to re-instate my claims in 2017-SC-023823-0, in *The Ninth Judicial District Court,* Orlando (*Langdon v. Sun Lake I*).

The judge, who had presided in the case, correctly ruled that he no longer had jurisdiction to consider the matter. Therefore, I filed case no. 2019-CA-000926-0, an independent action (hereafter *Langdon v. Sun Lake II*) in *The Ninth Judicial Circuit Court*, Orlando, in early 2019.

(0) Defense attorney Barry Johnson filed a motion to dismiss which was a fraud on the court, full of lies and mis-representations of the law. A hearing of 15 minutes was ordered, which is way too brief for a *pro se* party, in a complicated case, especially when confronted with an attorney like Mr. Johnson, who uses fraud, deceit, and suborns perjury.

I requested a continuance because the court reporter I hired did not show up. Judge Calderon said he would only wait five minutes. During the break he and defense attorney Johnson engaged in a chummy conversation, indicating that they knew each other. Then the hearing began, without the court reporter, over my objections.

Mr. Johnson spoke at length, and whenever I raised an objection, Judge Calderon told me to be quiet. When it was finally my turn to speak, Judge

Calderon admitted he hadn't read my lawsuit, that he had only "glanced through it." He asked me to explain my lawsuit, taking up what little time I had, and then he kept interrupting me, and asked frivolous questions. I was never allowed to develop an uninterrupted chain of thought. He became an advocate for the defense. When I objected, he became angry and told me not to interrupt him. He and Johnson took up most of the time, leaving me with virtually no time to defend against the motion to dismiss.

Judge Calderon granted the motion to dismiss, *without prejudice,* with a stipulation allowing me to amend my complaint. The erroneous basis for the motion was a false argument that was not raised by the defense attorney. It was raised *sua sponte* by Judge Calderon. Judge Calderon then asked defense attorney Johnson to draw up an *Order of Dismissal.*

Attorney Johnson lied and said that I had refused to discuss any settlement offers. In response, I produced an email that proved he was lying. Judge Calderon then asked me to leave and told Johnson to stay for an *ex parte* meeting.

Subsequently, Johnson drew up a fraudulent *Order of Dismissal* that was signed by Judge Calderon. The order was on a different "legal" basis than what Judge Calderon stated was the basis for his dismissal. It contained false, erroneous statements presented by Johnson that was primarily a reflection of Johnson's opinions in his motion to dismiss.

(p) Judge Calderon blocked any discovery in *Langdon v. Sun Lake II*, with no real hearing on my numerous motions, especially my motions to compel discovery. It is my indisputable contention that the purported settlement agreement is void because: it was procured through fraud and deceit; duress; and there was no accord and satisfaction. Under well-established Florida law, I am entitled to an evidentiary hearing before a jury on those issues.

In September, 2019, there was a sham hearing, supposedly on all motions in the case, and Judge Calderon denied my motions. He effectively blocked my ability to engage in discovery and to defend against the Defendants' fraudulent and perjurious motion to dismiss.

(q) In August and October of 2019, attorney Johnson suborned perjury, and perpetrated a fraud on the court, by filing a perjurious "affidavit," in support of his motion to dismiss, signed by Defendants Pollock and Murrell. I asked for a hearing before a jury on this matter, but was denied. Fraud in Florida must be determined by a jury, and I had requested a jury trial.

Johnson is still attempting to obtain a dismissal of my lawsuit in the state courts with the fraudulent, perjurious, motion to dismiss.

(r) In my filings in the state court, I waived any immunity I might have for my numerous statements in my court filings, that accuse Defendants

Pollock and Murrell of committing perjury and for accusing Defendant Barry Johnson of: suborning perjury; perpetrating fraud on the court; lying in a hearing; and misrepresenting the law and facts in the case. In January of 2020, I wrote a letter to over fifty of the judges of *The Ninth Judicial Circuit*, accusing attorney Barry Johnson of suborning perjury, fraud on the court, lying, etc. I placed the letter in their mailboxes at the Orange County Courthouse. Only three judges returned the letter.

I filed a copy of the letter with *The Orange County Clerk of Court* and a copy was sent to attorney Barry Johnson. As far as I know, Johnson, Pollock or Murrell, have not filed any denials of my accusations with the state court, nor with the judges of *Ninth Judicial Circuit Court.*

Over two years ago, I created two websites, *Sunlakecrooks.com* and *Greystarcrooks.com*. *Greystarcrooks.com* delineates: the fraud and deceit by the Defendants; the misappropriation of my security deposit; the shabby conditions at *Sun Lake;* the perjury by Pollock and Murrell; the suborning of perjury by Johnson; and other accusations against the Defendants. I have never been sued by any of the Defendants for defamation.

(s) The *Ninth Judicial Circuit Court* has ignored my accusations of perjury and the suborning of that perjury by Johnson, and blocked every effort I have made to further substantiate my accusations, by not allowing discovery, nor an evidentiary hearing before a jury, on those issues.

It is my understanding that Defendant Barry Johnson is allowed to practice law before the *U.S. District Court for the Middle District of Florida.* Therefore, it is imperative that my un-denied accusations against Defendant Johnson be properly scrutinized in the appropriate judicial proceedings in the federal court. *The Ninth Judicial Circuit Court* has abrogated its responsibility to do so, because of its pro-lawyer, anti-*pro se* bias.

The Defendants have obstructed my rights to due process of law, equal protection under the law, meaningful and timely access to the courts, and a jury trial, through fraud and deceit, and by the perjury of Pollock and Murrell, and in the suborning of that perjury by Johnson.

(t) The Federal District Court is the proper venue for my claims because: The state court judges lack the objectivity to rule on the constitutionality of their elections; the judges of *The Ninth Judicial Circuit Court* lack the objectivity to rule on the constitutionality of their handling of *pro se* lawsuits; Judge Calderon dismissed my complaint, albeit with the right to amend it, without addressing the constitutionality of the election of judges, or any other issue I raised, although I raised the issue in my original lawsuit; the *Ninth Judicial Circuit Court* has refused, in essence, to adjudicate my claims; three of the Defendants in this case, Faith, Johnson and Camacho, have not been

joined as Defendants in the state court proceedings, through no fault of mine; I have not been allowed a full and fair opportunity to amend my complaint in the state courts; and the perjury, fraud, deceit and obstructionism of the Defendants.

(u) *The Ninth Judicial Circuit Court* has limited the time for the hearing on my *Motion to Amend* to a total of only 15 minutes, and 15 minutes for a hearing on the Defendants six page fraudulent, perjurious, *Motion to Dismiss.* As a *pro se* party, I require more than 7 minutes, especially considering the complications in the case, the fraud, deceit, and perjury of the Defendants, bias of the state court, and my health problems. I suffer from severe hypoglycemia, I sometimes get terrible headaches from muggings I received.

(p) I have been homeless since I left *Sun Lake* in September, 2015, and the Defendants have impeded my ability to get work. I completed the appropriate course, and passed the test, to become a certified process server. I wrote to the supervisor of process servers in Orange County, the Chief Judge of *The Ninth Judicial Circuit Court* at that time, Judge Lauten. I asked permission to work for a process serving company, although I am homeless, through no fault if mine. He never responded.

*The Ninth Judicial Circuit Court,* and the Defendants have interfered with my right to earn a living as guaranteed by *The Constitution of the United States of America* and *The Constitution of the State of Florida.*

(IV) Relief Sought

A. A *Declaratory Judgment,* holding that the election of judges, above small claims courts and traffic courts, in *The State of Florida,* is contrary to *The Constitution of the United States of America.*

B. A *Declaratory Judgment* holding that the courts of *The State of Florida,* and particularly *The Ninth Judicial Circuit Court,* discriminate against *pro se* parties, including myself, by denying due process of law, equal protection under the law, and meaningful access to the courts, contrary to *Constitution of the United States of America,* Amendments I, V, & XIV. and *The Constitution of the State of Florida.*

C. A *Writ of Mandamus,* requiring: that the courts of *The State of Florida,* and *The Ninth Judicial Circuit Court,* grant *pro se* parties a minimum of thirty minutes at hearings on motions, and 45 minutes, to defend motions to dismiss, or other dispositive motions, and more if necessary; that those courts address all issues, thoroughly, raised by *pro se* parties, verbally at hearings, and in writing in their judgments, orders and opinions; and that those courts cite controlling case law in their opinions, judgments, orders, opinions, and other rulings, in a precise manner in order to clarify any issues raised on appeal.

D. A *Writ of Mandamus,* or injunction, requiring; that the courts of *The State of Florida,* and *The Ninth Judicial District Court,* liberally construe the pleadings of *pro se* parties; that they give them every opportunity to make their cases, including frequent amendments to their complaints, liberal discovery, equal time at hearings and other proceedings; a fair opportunity to have court reporters present at any hearings; that they thoroughly address all issues raised by pro se parties, and cite controlling case law, and give them a fair and equal opportunity to make their points.

E. A *Writ of Mandamus* requiring that the courts of *The State of Florida,* and *The Ninth Judicial Circuit Court,* inform *pro se* litigants what issues are triable by a jury, and give them the opportunity to have those issues tried by a jury, if they so request.

F. A *Writ of Mandamus,* or injunction, barring judges in courts of *The State of Florida* and *The Ninth Judicial District Court* from holding any *ex parte* meetings, particularly those that exclude *pro se* parties.

G. A *Writ of Mandamus* ordering Defendant Barry Johnson, attorney at law, and Defendant *Greystar,* to inform me if Evelyn Camacho was the person who induced me to rent at *Sun Lake Apartments,* and signed some of the related paperwork, what her middle name, if any, is, and

her date of birth, in order to assist me in locating and serving her.

H. A *Writ of Mandamus* ordering the Defendants' lawyers to expeditiously provide me with the appropriate addresses and phone numbers, home and work, for service of process for the Defendants in this case. If the information is unknown, then their last known addresses and places of work.

I. A *Writ of Mandamus* ordering Defendant Barry Johnson to cease and desist sending me any more abusive, harassing, emails, or other abusive communications. In addition, it should require him to reveal any and all associations with Judge Calderon and Judge Brownlee, including any political campaign contributions by him, his family and associates to them.

J. A *Writ of Mandamus* allowing this case to proceed under diversity and federal issues, and that *Langdon v. Sun Lake et alia,* case no. 2019-CA-000926-0 in *The Ninth Judicial Circuit Court,* Orlando, be held in abeyance, or suspension, until this case in the U.S. District court has run its course and all issues are resolved.

K. A *Writ of Mandamus* requiring the Defendants to supply me with an exact accounting of the handling of my security deposit for my rental at *Sun Lake Apartments*, with the names of those handling it, the

L. dates, copies of the original documents and the right to examine the originals, by myself and by forensic experts.

M. A *Writ of Mandamus* requiring *Bank of America* to supply me with copies of all of the documents regarding the handling of my security deposit and others within the week of my deposit.

N. A jury trial.

O. A letter from *Greystar* stating that I was a good tenant, and that I left before the end of the lease, through no fault of mine, with a copy sent to me and a copy placed in my credit report.

*P.* A *Writ of Mandamus* ordering *Greystar* to inform renters of apartments which they manage what *Greystar's* smoking policy is, and to quickly remove tenants who violate that policy.

*Q.* An extremely competent attorney be appointed to assist me and a *Writ of Mandamus* ordering the courts of Florida to provide an attorney to indigent *pro se* parties in cases involving important constitutional rights.

*R.* A *Writ of Mandamus* ordering the *Ninth judicial Circuit Court* to allow me to work as a certified process server, under supervision of an established firm, although I am homeless.

*S.* A *Writ of Mandamus* barring attorney Johnson from representing the other Defendants in this case, due to a conflict of interest, and his engaging in the suborning of perjury.

*T.* A *Writ of Mandamus* requiring the Defendants to expeditiously fulfill all discovery requests, including depositions.

U. A declaration that the purported settlement agreement between myself And the Defendants Greystar, Sun Lake, and Murrell is null and void.

V. A *Writ of Mandamus* requiring that the names and addresses of all the tenants at Sun Lake during 2014, 2015 and 2016 be preserved and deposited with the court in case of any future class action lawsuit, and all the records relating to their security deposits be preserved and held by the court, and also the relevant records held by *Bank of America.*

W. A declaratory judgment holding that Barry Johnson is deemed to have suborned perjury because he never filed any denials of my accusations of his suborning perjury with the court in Case no. 2019-CA-000926, in *The Ninth Judicial District Circuit.*

*X.* Damages from Defendants *Greystar, Sun Lake,* Camacho, Murrell, Pollack, Faith, and Whitt, of $400,000, and from the same Defendants, $750,000 in punitive damages. Damages from Defendant Barry

Johnson of $250,000 and punitive damages of $250,00. Also, court costs expenses, and attorneys' fees, if any.

Additionally, any other relief that the court deems just.

Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if so specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted, this the 19th day of August, 2021.

Christopher Langdon, Plaintiff Christopher Langdon

**UNITED STATES DISTRICT COURT**

for the

Middle District of Florida

Orlando Division

CHRISTOPHER LANGDON, Plaintiff,

Case no. 6:CV-1256

v.

GREYSTAR et alia, Defendants

**FIRST MEMORANDUM OF AUTHORITIES**

THE CONSTITUTION OF THE UNITED STATES OF AMERICA

"Congress shall make no law...abridging freedom of speech...or the right of the people to peaceably assemble, and to petition the government for a redress of grievances." Amendment I

"No person shall be deprived of life, liberty, or property without due process of law..." Amendment V

"Nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." Amendment XIV

THE CONSTITUTION OF THE STATE OF FLORIDA

"Access to Courts – The courts shall be open to every person for redress of any injury and justice shall be administered without sale, denial, or delay." Article II, Section 21

"The people shall have the right to petition for redress of grievances." Article II, Section 5

"Due process – No person shall be deprived of life, liberty, or property without due process of law." Article II, Section 9

"Trial by jury – The right of trial by jury shall be secure to all and remain inviolate." Article II, Section 22

THE PLEADINGS OF PRO SE PARTIES MUST BE LIBERALLY CONSTRUED

"....*pro se* complaint should not have been dismissed without affording him the opportunity to present evidence of his claims." *Haines v. Kerner*, 404 U.S. 519 at 519 (1972)

"Pro se pleadings are to be liberally construed in favor of pro se party." *Serrano v. Gonzalez*, 909 F. 2nd 8 at 9 [7] (1st Cir. 1990)

"Pro se pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers." *Bradley v. Coughlin*, 671 F. 2d 686 at 686 [1] (2nd Fed Circ. 1982)

"Pro se plaintiff, particularly one bringing civil rights action, should be afforded opportunity fairly freely to amend his complaint." *Id*, at 686 [3]

"Motions to dismiss pro se actions are held in disfavor." *Lambert v. Cornish*, 459 F. Supp. 853 at 853 (D. Colo. 1978)

"As the court unanimously held in *Haines v. Kerner*, 404 U.S. 519 (1972), a pro se complaint, 'however in-artfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim..." *Estelle v. Gamble*, 429 U.S. 97 at 106 (1976)

"A pro se plaintiff who brings a civil rights action should be fairly freely afforded an opportunity to amend his complaint, even if he makes the request after the court has entered summary judgment." Satchell v. Dillworth, 745 F. 2nd at 782 [4] (2nd Cir. 1984)

*See also: Roseboro v. Garrison,* 528 F. 2nd 309; *Graham v. Lewinski,* 848 F. 2nd 342 at 344 (2nd Cir. 1988); *Garaux v. Pulley,* 739 F. 2nd 437 at 439 (9th Cir. 1984)

THE CONSTITUTIONAL RIGHT TO MEANINGFUL ACCESS TO COURTS

"Meaningful access to the courts is the touchstone." *Bounds v. Smith,* 430 U.S. at 823, (7 S. Ct. 1491 at 1495 (1977)

"If party engages in action that essentially covers up evidence and this action renders plaintiff's state court remedy ineffective, they have violated his right of access to the courts." *Swekel v. City of Baton Rouge,* 119 F. 3d at 1259 [3] (6th Cir. 1997)

"Mere formal right of access to the courts does not pass muster... access must be adequate, meaningful and effective." *Ryland v. Shapiro,* 708 F. 2d at 967 (5th Cir. 1983).

"Defendants could be liable for alleged actions prejudicial to plaintiff's chances of recovery in state court...resulting delay would cause stale evidence... and that it could well prove more expensive to litigate... Any interference with substantive constitutional right, such as access to the courts, may alone amount to constitutional deprivation." *Id,* at 968

"A number of other courts have also recognized that this right of access is encompassed by the first amendment right to petition. *See: McCray v. Maryland,* 456 F. 2nd 1, at 6 (4th Cir. 1972) *Id.* At 972