**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHRISTOPHER D. LANGDON,

Plaintiff,

v. Case No. 6:21-cv-1256-RBD-GJK

THE STATE OF FLORIDA; MAYOR BUDDY DYER; and THE CITY OF ORLANDO,

Defendants.

---

**ORDER**

On *sua sponte* review of Plaintiff's Second[1] Amended Complaint (Doc. 16), the Court does not have subject matter jurisdiction over this action.

Plaintiff's Second Amended Complaint asks for writs of mandamus to compel the state court to do various things and to compel the City of Orlando's Mayor to allow Plaintiff to paint a message on the sidewalk. (*Id.* at 7–10.) But writs of mandamus have been generally abolished. *See* Fed. R. Civ. P. 81(b). And while one federal statute provides that courts do have jurisdiction over actions "in the nature of mandamus," that statute only permits writs directed against "officer[s] or employee[s] of the United States," not state and local officials. *See* 28 U.S.C.

[1] Plaintiff titled the filing the "Third Amended Complaint," but it is only his second. (*See* Docs. 1, 12, 16.)

§ 1361. So the Court lacks jurisdiction to compel Defendants, who are not federal employees, to provide Plaintiff the relief he seeks. *See Starnes v. Florida*, No. 6:09-cv-6, 2009 WL 259289, at *1 (M.D. Fla. Feb. 2, 2009); *Raghubir v. Sec'y, Dep't of Corr.*, No. 6:18-cv-1017, 2018 WL 8809587, at *2 (M.D. Fla. Aug. 17, 2018).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Second Amended Complaint (Doc. 16) is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.
2. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 8, 2021.

ROY B. DALTON JR.
United States District Judge

Copies:
*Pro se* Plaintiff Christopher D. Langdon