**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHRISTOPHER D. LANGDON,

Plaintiff,

v. Case No. 6:21-cv-1256-RBD-GJK

THE STATE OF FLORIDA; MAYOR BUDDY DYER; and THE CITY OF ORLANDO,

Defendants.

---

**ORDER**

Before the Court is the *pro se* Plaintiff's Motion for Additional Time to Amend My Complaint & to File a Motion for Reconsideration. (Doc. 19 ("Motion).)

Plaintiff had three opportunities to state a basis for federal jurisdiction, but he could not. (Docs. 1, 12, 16.) So the Court dismissed his case without prejudice and closed the case file. (Doc. 18.) Plaintiff now seeks additional time to find an attorney, move to reopen the case, and file another amended complaint. (Doc. 19.)

Even though Plaintiff is *pro se*, he must still abide by the rules. *See Kidwell v. Charlotte Cnty. Sch. Bd.*, No. 2:07-cv-13, 2007 WL 9718725, at *1 (M.D. Fla. Nov. 28, 2007). The Court has already given Plaintiff three chances to plead jurisdiction, but he could not—so further amendment would be futile. *See, e.g.*, *Winford v. Walton*, No. 3:16-cv-810, 2018 WL 3650054, at *4 (M.D. Fla. Apr. 6, 2018), *adopted*, 2018 WL

3650025 (M.D. Fla. May 15, 2018). The Court cannot continue this action in the absence of jurisdiction. *See Audio Visual Servs. Grp. v. Woodard Events, LLC*, No. 6:18-cv-201, 2018 WL 11328326, at *1 (M.D. Fla. Feb. 21, 2018).

So Plaintiff's Motion is due to be denied. If Plaintiff is able to find an attorney and articulate a claim with a basis for federal jurisdiction, he must file an entirely new case.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion (Doc. 19) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 14, 2021.

ROY B. DALTON JR.
United States District Judge

Copies:
*Pro se* Plaintiff Christopher D. Langdon